# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA DOPHEIDE,             )<br>                                               )<br>            Plaintiff,             )<br>    vs.                                       )<br>                                               )<br>ALTA MONTECITO APARTMENTS,  )<br>                                               )<br>            Defendant.             )<br>                                               ) | Case No.: 2:11-CV-01025-GMN-PAL<br><br>**ORDER** |

   This lawsuit was originally filed on March 2, 2011 in the Eighth Judicial District Court of Clark County, Nevada.  On June 22, 2011, Defendant removed the case to this Court, contending that diversity jurisdiction exists and that Defendant first learned that the case was removable on June 3, 2011.  However, the Court finds the removal to be untimely; therefore, this case will be remanded to state court.

   Title 18, section 1446(b) of the United States Code provides in relevant part that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

   Defendant appears to be arguing that the first paper from which it could be ascertained that the case was removable was the Alternative Dispute Resolution Commissioner's June 3, 2011 decision granting Plaintiff's request for exemption from Nevada's Mandatory Arbitration Program because, in Defendant's view, that decision demonstrated that the amount in controversy exceeded $75,000.00. (*See* Statement 3:9-18, ECF No. 6.)

However, the primary document that Defendant cites in support of its theory that the amount in controversy in this case exceeds $75,000.00 was filed in state court by Plaintiff on May 16, 2011 and served via mail upon Defendant on the same day. (*See* Ex. A, Statement, ECF No. 6.) This Request for Exemption from Arbitration appears to be the actual paper that notified Defendant that this case is removable, as it is illogical to argue that the same filing that provides the basis for asserting the jurisdictional amount now did not, at the time it was initially filed, put Defendant on notice that this case was removable.

Even if Federal Rule of Civil Procedure 5(b)(2)(C) applied to lengthen the thirty day window set forth in 18 U.S.C. § 1446(b) to thirty-three days, this case should still have been removed no later than June 19, 2011. However, Defendant waited until June 22, 2011. This is procedurally improper, and the case will be remanded.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that this case is **REMANDED to the Eighth Judicial District Court** of Clark County, Nevada. The Court Clerk is hereby directed to mail a copy of this Order to the clerk of that court.

DATED this 12th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge